626                     August 23, 2023                     No. 431

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 22, 2023, affirmed August 23,  petition for review denied
December 21, 2023  (371 Or 771)

TYLER MICHAEL BURNARD,
*Petitioner,*

*v.*

PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

Psychiatric Security Review Board
142653; A175181

Harris S. Matarazzo filed the brief for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner seeks review of an order of the Psychiatric Security Review Board (PSRB) which resulted in the continued commitment of petitioner to a state hospital designated by the Oregon Health Authority. Petitioner asserts on review that the PSRB erred by finding that petitioner could not be adequately controlled and treated in the community on conditional release and by denying petitioner's request for an evaluation for possible conditional release. For the reasons that follow, we conclude that substantial evidence and reason support the PSRB's determination that petitioner was not a proper subject for conditional release at the time of the hearing and its denial of petitioner's request for a community evaluation. We affirm.

Petitioner's conditional release was revoked, and he was admitted into Oregon State Hospital in June 2020, pending a full hearing. A full revocation hearing was held in September 2020, and the PSRB issued an order continuing commitment at the state hospital in November 2020. Petitioner sought judicial review, and in January 2022, the PSRB withdrew that order, issuing an order on reconsideration continuing commitment in March 2022. In the order on reconsideration, the PSRB concluded as a matter of law that there were reasonable grounds to revoke petitioner's conditional release; that petitioner, being affected by a qualifying mental disorder which, when active, renders him a substantial danger to others, was under the jurisdiction of the PSRB; and that petitioner was not a proper subject for conditional release because "he could not be adequately controlled and treated within the community, and therefore, it would not be in the best interest of justice and the protection of society to release him at this time." The PSRB denied petitioner's request for an evaluation, explaining that in denying petitioner's request, it "encouraged [petitioner] to continue to work with his treatment team and to follow the hospital's process for conditional release with the expectation that the Board would be able to consider his conditional release in the near future." The PSRB noted "that there was no identified community placement proposed at today's hearing; however, at any time, [petitioner's] treatment team

may submit a request to the Board's Executive Director to order a community evaluation to an appropriate community mental health program."

We note that petitioner did not assert a challenge to the revocation of his conditional release and that petitioner stipulated to having a qualifying mental disorder. Our analysis is therefore centered on whether substantial evidence and reasoning support the PSRB's determination that petitioner could not be adequately controlled and treated in the community on conditional release and its denial of petitioner's request for an evaluation for possible conditional release.

Our review of a final order of the PSRB is governed by ORS 161.348, which states that we "may affirm, reverse or remand the order on the same basis as provided in ORS 183.482(8)." ORS 161.348(3). Under ORS 183.482(8)(c), we must set aside or remand an order if we find that "the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." *See also Rinne v. PSRB*, 297 Or App 549, 557, 443 P3d 731 (2019) (explaining that our review includes "both PSRB's factual findings and its legal conclusions derived from those findings" (citing *Knotts v. PSRB*, 250 Or App 448, 454, 280 P3d 1030 (2012))).

"In reviewing whether substantial evidence supports PSRB's findings, we evaluate the substantiality of supporting evidence by considering all the evidence in the record." *Rinne*, 297 Or App at 557 (internal quotation marks, emphasis, and citations omitted). "We do not substitute our own findings for those made by PSRB. Rather, we determine whether PSRB could reasonably make the findings that it made." *Id.* (citing *Knotts*, 250 Or App at 455). We further review for substantial reason, which requires us to evaluate the PSRB's legal conclusions to determine "whether they logically follow from its factual findings." *Knotts*, 250 Or App at 455 (citing *Drew v. PSRB*, 322 Or 491, 499-500, 909 P2d 1211 (1996)). "In doing so, we consider only the reasoning stated in the challenged order." *Rinne*, 297 Or App at 557 (citing *Knotts*, 250 Or App at 455).

Substantial evidence supports the PSRB's finding that petitioner could not be adequately controlled and treated in the community if he were conditionally released at the time of the hearing, and the PSRB's legal conclusion that petitioner was not an appropriate subject for conditional release at the time of the hearing logically follows from its finding.

First, there is evidence that petitioner had only recently achieved psychiatric stability through medical adjustments. The record indicates that Oregon State Hospital staff had adjusted petitioner's medication regimen around 20 days prior to the September 2020 hearing.

In addition, there is evidence that petitioner's therapeutic relationship with the community program responsible for supervision and treatment, Cascadia Behavioral Healthcare (Cascadia), had broken down, and no alternative supervising program had been proposed. Petitioner himself requested in closing argument that the evaluation for possible conditional release be ordered "to an agency other than Cascadia." In addition, in a letter to the PSRB concerning the circumstances leading up to petitioner's revocation, a licensed clinical social worker and outpatient program manager at Cascadia's PSRB program explained that "based on [petitioner's] limited rapport with his treatment psychiatrist and members of the treatment team," it was unclear whether petitioner "would be able to develop the necessary therapeutic rapport to collaborate with Cascadia's treatment team." The social worker further explained that petitioner "may be better served by having a fresh start with a new provider."

We recognize that petitioner's treating psychiatrist at Oregon State Hospital testified that petitioner could be conditionally released and that she would support a community evaluation. It was nonetheless reasonable for the PSRB to find that petitioner could not be adequately controlled and treated in the community because the psychiatrist expressed that she "would not recommend that petitioner return to his previous team" because "the therapeutic relationship has been pretty significantly severed or ruptured and it would be very difficult to rebuild a working relationship that would

allow [petitioner] to be open and forthcoming with his team or for his team to genuinely trust his [self-reports].”

Finally, evidence of lingering questions surrounding the allegations and circumstances leading up to revocation supports the PSRB’s finding that petitioner could not be adequately controlled and treated in the community if he were conditionally released at the time of the hearing. The social worker testified that the revocation was largely based on “the collateral information we obtained from [petitioner’s girlfriend] combined with kind of *** our concerns about emerging symptoms of *** hypomania and medication adherence.” The PSRB explicitly considered and rejected petitioner’s argument that Cascadia had not accurately interpreted petitioner’s girlfriend’s statements to Cascadia staff but found that

> “in light of the totality of the evidence, including the fact that [the social worker] is a licensed clinician with extensive experience working with individuals under this Board’s jurisdiction as Cascadia’s PSRB Program Manager, and in the absence of any other persuasive evidence indicating that either [the social worker] or his supervisee ***, who is also a licensed clinician, had any animus, motive or bias to inaccurately report the very specific facts they assert [petitioner’s girlfriend] reported, it was persuaded that the preponderance of the evidence supports that [petitioner’s] revocation was reasonable.”

The PSRB further noted that petitioner’s girlfriend could have denied making the report to Cascadia for self-protective reasons.

We conclude that substantial evidence and reason support the PSRB’s finding that petitioner could not be adequately controlled and treated in the community on conditional release and its denial of petitioner’s request for immediate evaluation for possible conditional release.

Affirmed.